**Ranjit KUMAR, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–72370.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 13, 2004.

Decided Feb. 25, 2004.

Samuel Maina, San Francisco, CA, Emmanuel Enyinwa, Esq., Oakland, CA, for Petitioner.

Regional Counsel, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel San Francisco, CA, Alison R. Drucker, Esq., James R. Grimes, Esq., Mary Jane Candaux, Esq., DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before: TASHIMA, CLIFTON, Circuit Judges, and LEIGHTON, District Judge.*

MEMORANDUM **

Ranjit Kumar, a native and citizen of India, petitions for review of the Board of Immigration Appeals' summary affirmance of an immigration judge's ("IJ") denial of his applications for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence an adverse credibility finding and a denial of asylum and will uphold the IJ's decision unless the evidence compels a contrary conclusion. *Lata v. INS,* 204 F.3d 1241, 1244–45 (9th Cir.2000). As the parties are familiar with

---

* The Honorable Ronald B. Leighton, United States District Judge for the Western District of Washington, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

the facts, procedural history, and arguments, we will not recount them here. We deny the petition.

Substantial evidence supports the IJ's adverse credibility finding because Kumar's testimony was inconsistent and contained implausibilities. For example, Kumar claimed that he was an active member of the Bharitya Ganda Janta Party ("BJP") until 1996, but from 1994 to 1996, he lived in Ludhiana, two hours from Phagwara where he purportedly was active. Moreover, he could not describe the BJP's main goals, other than keeping India united. Kumar claimed that he was persecuted by the police for having information regarding Sikh terrorists, yet he is Hindu and did not credibly explain why he would be so suspected. Kumar also claimed that he was persecuted by Sikh terrorists for providing information to the police regarding terrorist activities in Phagwara, yet he was living and running a business in Ludhiana at the time. Because these factual discrepancies went to the heart of his asylum claim, substantial evidence supports the denial of asylum. *See Chebchoub v. INS,* 257 F.3d 1038, 1043 (9th Cir.2001).

It follows that Kumar did not satisfy the more stringent standard for withholding of removal. *See Wang v. Ashcroft,* 341 F.3d 1015, 1022–23 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**